UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X   Docket No.:  22-cv-5705

LATISHA T. HARRIS,

               Plaintiff,   **NOTICE OF PETITION FOR REMOVAL**

-against-

BJ'S WHOLESALE CLUB, INC.,

               Defendant.
_____X

**PLEASE TAKE NOTICE,** that pursuant to 28 U.S.C. § 1446, Defendant, BJ'S WHOLESALE CLUB, INC., hereby removes the above-captioned case from the Supreme Court of the State of New York, County of Kings, Index No. 518479/2022, to the United States District Court for the Eastern District of New York on the basis of diversity of citizenship conferred by 28 U.S.C. § 1332.

Dated: New York, New York
       September 22, 2022

Yours, etc.,

**MORRISON MAHONEY LLP**
*Attorneys for Defendant*
BJ'S WHOLESALE CLUB, INC.

By: _____
    Demi Sophocleous (DS6450)
Wall Street Plaza
88 Pine Street, Suite 1900
New York, NY 10005
P: (212) 825-1212

TO: David J. Hernandez, Esq.
     DAVID J. HERNANDEZ & ASSOCIATES
     Attorneys for Plaintiff
     26 Court Street, Suite 714
     Brooklyn, NY 11242
     (718) 522-0009

101509286

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____X          Docket No.:
LATISHA T. HARRIS,

                Plaintiff,                                    **PETITION**
                                                              **FOR REMOVAL**
  -against-

BJ'S WHOLESALE CLUB, INC.,

                Defendant.
_____X

Demi Sophocleous, a Partner with the law firm of Morrison Mahoney LLP, attorneys for Defendant, BJ'S WHOLESALE CLUB, INC., hereby submits the following Petition for Removal pursuant to 28 USC § 1446, and Federal Rule of Civil Procedure 11:

1. On or about June 28, 2022, Plaintiff, Latisha T. Harris, commenced a civil action by filing a Complaint in the Supreme Court of the State of New York, County of Kings, entitled Latisha T. Harris v. BJ's Wholesale Club, Inc., Index No. 518479/2022. A copy of Plaintiff's Summons & Complaint (hereinafter "Complaint") is annexed hereto as **Exhibit "A"**.

2. The Complaint alleges that, on or about March 3, 2021, Plaintiff, Latisha T. Harris, was caused to sustain injuries when she allegedly slipped on a "wet, slippery substance" while a customer within the premises, of which the Defendant was a tenant, located at 39 Gateway Drive, Brooklyn, New York. *See*, Exhibit "A", ¶¶ 13.

3. Defendant, BJ'S WHOLESALE CLUB, INC., were put on notice of the Complaint in this matter, on or about July 11, 2022, and thereafter served a timely Verified Answer, on or about July 29, 2022. A copy of Defendant's Verified Answer is annexed hereto as **Exhibit "B"**.

101509293

4. Plaintiff's Complaint does not specify the amount of damages sought in the underlying action. Rather, the Complaint uses boilerplate language to assert only that Christine Holub sustained certain injuries, and that the resulting damages to Plaintiff exceeds the relevant jurisdictional limit of the lower courts. *See*, Exhibit "A", ¶¶14, 21.

5. On or about July 29, 2022, your affirmant's office served Plaintiff with a Request for Supplemental Demand for Relief, pursuant to CPLR § 3107(c). A copy of Defendant's Combined Demands, of which the aforementioned Demand for Relief is included, is annexed hereto as **Exhibit "C."**

6. On September 21, 2022, Plaintiff submitted a Response to Defendant's Request for Supplemental Demand for Relief, specifying damages in the collective amount of two million ($2,000,000) dollars. A copy of Plaintiff's Combined Response to Defendant's Combined Demands, which includes the aforementioned response, is annexed hereto as **Exhibit "D"**.

7. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice is being filed with the Court within thirty (30) days of Defendant, BJ'S WHOLESALE CLUB, INC.'s receipt of a "paper from which it may first be ascertained that the case is one which is or has become removable,". In this instance, the paper in question is Plaintiff's Response to Defendant's Request for Supplemental Demand for Relief, dated September 21, 2022, wherein Plaintiff claims specified damages in the collective amount of $2,000,000.00. *See*, **Exhibit "D"**.

8. This Honorable United States District Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, as the underlying action is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendant, and where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as described below.

9. In this action, Plaintiff has named BJ's Wholesale Club, Inc. as the sole Defendant.

101509293

10. Defendant, BJ'S WHOLESALE CLUB, INC., is a corporation organized under the laws of the State of Delaware and with its principal place of business located in Westborough, Massachusetts.

11. For diversity purposes, Defendant, BJ'S WHOLESALE CLUB, INC., is a citizen of Delaware. The Defendant is not a citizen of New York.

12. By way of the foregoing, there is complete diversity of citizenship between the parties, pursuant to 28 U.S.C. § 1332, and the accompanying Notice is timely, pursuant to 28 U.S.C. § 1446.

13. Under 28 U.S.C. § 1446(b), a defendant has thirty (30) days to remove a case from state court based on diversity jurisdiction after receiving a copy of the initial pleadings. However, "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." With respect to the amount of controversy requirement, the Second Circuit has specifically held that "the removal clock does not start to run until the plaintiff serves the defendant with papers that explicitly specifies the amount of monetary damages sought." Salinas v. Mirfakhraie, 2012 WL 3642419 at *1 (SDNY, 2012), *quoting* Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010).

14. As it is now clear from Plaintiff's Response to Defendant's Request for Supplemental Demand for Relief, dated September 21, 2022, that the amount in controversy exceeds $75,000.00, and that this case is removable, Defendant now makes this timely and proper Petition.

15. In light of the foregoing, this civil action is removable to this Court pursuant to 28 U.S.C. § 1441.

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Petition for Removal is being submitted for filing with the Clerk of the Supreme Court, County of Kings and is being served upon Plaintiff.

17. In filing this Petition for Removal, Defendant does not waive any defects in service of process, venue, or personal jurisdiction.

18. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

Dated: New York, New York
       September 22, 2022

Yours, etc.,

**MORRISON MAHONEY LLP**
*Attorneys for Defendant*
BJ'S WHOLESALE CLUB, INC.

By: _____
     Demi Sophocleous (DS6450)
Wall Street Plaza
88 Pine Street, Suite 1900
New York, NY 10005
P: (212) 825-1212

TO: David J. Hernandez, Esq.
    DAVID J. HERNANDEZ & ASSOCIATES
    Attorneys for Plaintiff
    26 Court Street, Suite 714
    Brooklyn, NY 11242
    (718) 522-0009

101509293

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **NOTICE OF PETITION FOR REMOVAL TO FEDERAL COURT** has been served this 23rd day of September, 2022, on the following counsel, by ECF:

DAVID J. HERNANDEZ & ASSOCIATES
Attorneys for Plaintiff
26 Court Street, Suite 714
Brooklyn, NY 11242

_____
Cari Domingues

101509286